```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                         CAMDEN VICINAGE
```

|  |  |
|---|---|
| EDWARD REICHLE, | |
| Plaintiff | Civ. No. 16-1465 (RMB/MJS) |
| v. | **OPINION** |
| COUNTY OF CAPE MAY, *et al.*, | |
| Defendants | |

**BUMB**, United States District Judge

I. INTRODUCTION

This matter comes before the Court *sua sponte* upon Plaintiff's failure to timely respond to this Court's Order to Show Cause why this case should not be dismissed for failure to prosecute. (Order, Dkt. No. 13.) Plaintiff has failed to respond to the Order to Show Cause since November 18, 2020. Therefore, the Court will dismiss this action without prejudice for the reasons discussed below.

II. DISCUSSION

Mr. Aggarwal, counsel for Plaintiffs in the related class action, In Re Cape May County Correctional Center, 15-8745 (RMB/JS) (D.N.J.), has been unable to reach Plaintiff Edward Reichle at his last known address or phone number to advise him of the status of this individual action, which has been reopened upon settlement of the class action in Dearie v. County of Cape May et al., 15-8785

(RMB/JS), and is no longer consolidated in In Re Cape May County Correctional Center, 15-8745 (RMB/JS).

"A district court has the authority to dismiss a suit *sua sponte* for failure to prosecute by virtue of its inherent powers and under Federal Rule of Civil Procedure 41(b)." Azubuko v. Bell Nat. Org., 243 F. App'x 728, 729 (3d Cir. 2007) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863 (3d Cir. 1984)). Plaintiff's counsel cannot prosecute this action without the ability to contact Plaintiff. Plaintiff has never apprised the Court of his new address since this action was reopened upon settlement of the related class action in November 2020. Plaintiff was dilatory by failing to keep the Court apprised of his address or contact information, and the defense is prejudiced by proceeding on this individual claim almost two years after settlement of the related class action. No alternative sanction but dismissal exists when the plaintiff can not be located. The Court determines that dismissal without prejudice for failure to prosecute is an appropriate sanction. See Poulis, 747 F.2d 863 (discussing factors to be considered before dismissal with prejudice for failure to prosecute). Plaintiff may reopen this action if, within 30 days from the date of this Order, he shows good cause for his failure to prosecute. Otherwise, the case will remain closed.

III. CONCLUSION

　　For the reasons discussed above, the Court will dismiss this matter without prejudice for failure to prosecute.

**Dated:　September 16, 2021**

　　　　　　　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**